FILED DATE: 5/25/2021 3:27 PM 2021L004246

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Brenda Cazares, as special Administrator of the Estate of Daniel Cazares, deceased,

Plaintiff(s)

v.

Peter Anthony De Luisa and
Jones Logistics, LLC, a Foreign Corporation

Case No. 2021 L 004246

Defendant(s)

Jones Logistics, LLC, a Foreign Corpoaration
Registered Agent - John Lehrack
4711 Lawndale Ave, Lyons, IL 60534

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ● Process Server  ○ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

Summons - Alias Summons (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:** Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE** for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

FILED DATE: 5/25/2021 3:27 PM   2021L004246

● Atty. No.: 32387
○ Pro Se 99500
Name: David Rabinowitz
Atty. for (if applicable): Plaintiff
Address: 134 N. LaSalle St., Ste. 650
City: Chicago
State: IL    Zip: 60602
Telephone: 312-857-7777
Primary Email: drabinowitz@hammerjustice.com

Witness date _____

5/25/2021 3:27 PM IRIS Y. MARTINEZ
IRIS Y. MARTINEZ, Clerk of Court
☐ Service by Certified Mail
☒ Date of Service: 6/1/21
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 5/25/2021 3:27 PM 2021L004246

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

## CHANCERY DIVISION
Court date EMAIL: ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

## CIVIL DIVISION
Court date EMAIL: CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

## COUNTY DIVISION
Court date EMAIL: CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

## DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
Court date EMAIL: DRCourtDate@cookcountycourt.com
  OR
  ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

## DOMESTIC VIOLENCE
Court date EMAIL: DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

## LAW DIVISION
Court date EMAIL: LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

## PROBATE DIVISION
Court date EMAIL: ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

## ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
Court date EMAIL: D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
Court date EMAIL: D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

### DISTRICT 4 - MAYWOOD
Court date EMAIL: D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
Court date EMAIL: D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

### DISTRICT 6 - MARKHAM
Court date EMAIL: D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

FILED
4/23/2021 2:51 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13074253

FILED DATE: 4/23/2021 2:51 PM 2021L004246

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

BRENDA CAZARES, as Special )
Administrator of the Estate of DANIEL )
CAZARES, deceased, )
)
Plaintiff, )
) No.: 2021L004246
v. )
)
PETER ANTHONY DE LUISA, )
Individually and as an agent of )
JONES LOGISTICS, LLC, a Foreign )
Corporation, )
)
)
Defendants. )

## COMPLAINT AT LAW

NOW COME the Plaintiff, BRENDA CAZARES, as Special Administrator of the Estate DANIEL CAZARES, (hereinafter "CAZARES, deceased"), by and through her attorneys, DWORKIN & MACIARIELLO, in complaining of the Defendants, ROBERT ANTHONY DE LUISA (hereinafter "DE LUISA"), individually and as agent of JONES LOGISTICS, LLC, a Foreign Corporation, states as follows:

1. That at all times herein alleged, the Defendant, JONES LOGISTICS, LLC, was a Foreign Corporation, transacting and doing business in the State of Illinois.

2. That at all times material hereto, the Defendant, DE LUISA, was an agent and/or employee of the Defendant, JONES LOGISTICS, LLC, and was at all times acting as an agent and/or employee of the Defendant, JONES LOGISTICS, LLC

3. That at all times herein alleged, the Defendant, DE LUISA, operated, guided, and controlled a tractor that was owned and maintained by JONES LOGISTICS, LLC

4. On October 22, 2020, the Plaintiff, CAZARES, deceased, was the operator of motor

1

vehicle, driving in an easterly direction along and upon Interstate 94, in the Township of Newport, County of Lake, and State of Illinois.

5. On October 22, 2020 the Defendant, JONES LOGISTICS, LLC, owned, maintained, and/or controlled a certain tractor and trailer, which was operated by its agent and/or employee, DE LUISA, in an easterly direction along and upon Interstate 94, which collided with and struck the rear of the Plaintiff's vehicle in the Township of Northfield, County of Cook, and State of Illinois.

6. That all times herein alleged, it was the duty of the Defendants, JONES LOGISTICS, LLC and DE LUISA, individually and as an agent and/or employee of JONES LOGISTICS, LLC, to exercise reasonable care in the operation, control, ownership, maintenance, and guidance of said vehicle for the safety of others, including the Plaintiff, CAZARES, deceased.

7. That at said time and place, the vehicle owned and maintained by JONES LOGISTICS, LLC, and operated and controlled by DE LUISA, individually and as an agent of JONES LOGISTICS, LLC, struck and collided with the rear of the vehicle operated by Plaintiff, CAZARES, deceased.

8. That in its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

9. That in its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical

power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration 49 C.F.R. § 390.5.

10. That in its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns, employees to operate it. 49 C.F.R. §390.5.

11. That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

12. That at all relevant times, the truck and trailer driven by Defendant, DE LUISA, was a semi-trailer and therefore a motor vehicle as defined by the Motor Carrier Safety Regulations.

13. That at all relevant times, the Defendant, DE LUISA, was a driver of said motor vehicle and therefore an employee as defined by the Motor Carrier Safety Regulations.

14. That at all times relevant, Defendant, JONES LOGISTICS, LLC, owned a commercial vehicle involved in this occurrence, namely the trailer or semi-trailer as defined by the Motor Carrier Safety Regulations.

15. That as a motor carrier, Defendant, JONES LOGISTICS, LLC, had a duty to require observance by its drivers, such as Defendant, DE LUISA, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. § 390.11.

FILED DATE: 4/23/2021 2:51 PM 2021L004246

16. That at said time and place, Defendant, JONES LOGISTICS, LLC, by and through its agent and/or employee, Defendant, DE LUISA, as a motor carrier, had a duty to exercise ordinary care to avoid colliding with the motor vehicle operated by the Plaintiff, CAZARES, deceased.

17. That notwithstanding said duty, the Defendants, JONES LOGISTICS, LLC and DE LUISA, were guilty of one or more of the following acts and/or omissions:

   a. Owned, operated, managed, maintained, and controlled said motor vehicle without keeping a safe and proper lookout;

   b. Owned, operated, managed, maintained and controlled said motor vehicle without having brakes to control the movement of and to stop and hold said motor vehicle, contrary to and in violation of 625 ILCS 5/12-301;

   c. Owned, operated, managed, maintained and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle contrary to and in violation of 625 ILCS 5/12-601;

   d. Owned, operated, managed, maintained and controlled said motor vehicle by following too closely the vehicle operated by the Plaintiff, CAZARES, contrary to and in violation of 625 ILCS 5/11-710;

   e. Owned, operated, managed, maintained and controlled said motor vehicle at a speed greater than was reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of 625 ILCS 5/11-601(a);

   f. Owned, operated, managed, maintained and controlled said motor vehicle at a speed in excess of the posted speed limit in a Designated Construction Zone, in violation of 625 ILCS 5/11-605.1(a-5);

   g. Failed to properly maintain the tractor and trailer;

   h. Allowed the tractor and trailer to be used and operated with both tires on the right side of the front axle having insufficient treat;

   i. Allowed the tractor and trailer to be used and operated when its brakes were not compliant with Department of Transportation safety standards and the Federal Motor Carrier Safety Act, 49 C.F.R. § 393.47(e);

   j. Allowed the tractor and trailer to be used and operated when all of its brake shoes and brake drums exhibited signs of excessive wear and were in need of

4

replacement;

k. Allowed the tractor and trailer to be used and operated when the tractor and trailer did not satisfy minimum Federal standards for operations on public highway, including those of the Federal Motor Carrier Safety Act;

l. Failed to properly inspect their vehicle as required by the Federal Motor Carrier Safety Act;

m. Operated an unsafe vehicle in violation of the Federal Motor Carrier safety Act;

n. Allowed the tractor and trailer to be used and operated on interstate highways without first having the tractor and trailer inspected as required by Federal law and regulations;

o. Defendant, JONES LOGISTICS, LLC, is vicariously liable for the negligent acts and omissions of its agent, DE LUISA, for the conduct alleged above, contrary to, and in violation of 40 C.F.R. § 390.11, adopted by reference 625 ILCS 5/18b-105;

p. Defendant, JONES LOGISTICS, LLC, negligently supplied a defective truck to its agent, DE LUISA, which was unsafe for operation on the highway, contrary to and in violation of 49 C.F.R. § 396, adopted by reference in 625 ILCS 5/18b-105;

q. Defendant, JONES LOGISTICS, LLC, supplied its agent Defendant, DE LUISA, with a truck that was not maintained by the Defendant in a safe and appropriate manner, contrary to and in violation of 49 C.F.R. § 396, adopted by reference in 625 ILCS 5/18(b)-105;

r. Defendant, JONES LOGISTICS, LLC, was negligent in the supervision and oversight of its agent, Defendant, DE LUISA, with respect to the operation, maintenance and use of the truck by Defendant, DE LUISA, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18(b)-105;

s. Failed to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant, DE LUISA, contrary to and in violation of 625 ILCS 5/11-601;

t. Carelessly and negligently operated the truck at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 625 ILCS 5/11-601 and 49 C.F.R. §392.14, adopted by reference in 625 ILCS 5/18(b)-105;

u. Failed to apply the brakes in a timely manner so as to bring his vehicle to a safe stop, contrary to and in violation of 625 ILCS 5/12-301;

FILED DATE: 4/23/2021 2:51 PM  2021L004246

    v. Failed to slow down when they knew or should have known of the existence of the traffic back up, contrary to and in violation of 625 ILCS 5/11-601, and 49 C.F.R. § 396.7;

    w. Failed to ensure that the aforesaid truck had operative brakes, in violation of 49 C.F.R. § 393.48, adopted by reference in 625 ILCS 5/12-301;

    x. Allowed the vehicle out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. § 393.48; or

    y. Failed to perform a proper pre-trip inspection, in violation of 49 C.F.R. § 392.7.

18. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendants, JONES LOGISTICS, LLC and DE LUISA, individually and as an agent of JONES LOGISTICS, LLC, the Plaintiff, CAZARES, deceased, suffered injuries which proved to be fatal and was declared dead at Condell Medical Center.

WHEREFORE, the Plaintiff, BRENDA CAZARES, as Special Administrator of the Estate of DANIEL CAZARES, deceased by and through her attorneys, DWORKIN & MACIARIELLO, prays that a judgment be entered against the Defendants, DE LUISA, individually and as an agent of JONES LOGISTICS, LLC, and JONES LOGISTICS, LLC, in a sum in excess of $50,000.00, together with the costs of bringing this suit.

Respectfully Submitted,

By:    /s/David Rabinowitz
        Attorney for Plaintiff

David A. Rabinowitz
Hannah G. Blazevic
DWORKIN & MACIARIELLO
Attorney No: 32387
134 N. LaSalle Street, Suite 650
Chicago, IL 60602
T: (312) 857-7777
F: (312) 264-0794
DRabinowitz@dmchicagolaw.com
HBlazevic@dmchicagolaw.com